UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LANCE SCOTT BOUTTÉ, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-329-WCL-SLC |
| STATE OF INDIANA, et al., | |
| Defendants. | |

OPINION AND ORDER

Lance Scott Boutté, a prisoner without a lawyer, filed a complaint against 56 defendants. ECF 1. Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Upon review, Boutté's 17-page complaint is not on the appropriate form and is unduly vague. While unclear, Boutté appears to have sued a variety of people and entities that were involved in his arrest, prosecution, and confinement. He seems to be asserting Fourteenth and Eighth Amendment claims, and possibly other claims. However, his reasons for asserting these claims cannot be ascertained from his

complaint. *See Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (in order to state a claim, a plaintiff must plead sufficient factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The complaint is confusing and contains insufficient factual content from which the court could draw a reasonable inference that the defendants are liable for constitutional violations. In short, he has not provided enough information for the court to determine whether he has a viable claim against any defendant.

Additionally, many of the defendants he has named in his complaint cannot be sued under 42 U.S.C. § 1983. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) ("In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law.") To the extent, Boutté has sued private individuals, who he has identified as former girlfriends, party friends, drug dealers, and a prostitute, he cannot sue them under 42 U.S.C. § 1983 because they could not have plausibly violated his federal constitutional or statutory rights.

Boutté has also sued a number of unnamed defendants in his complaint. These include Sheriff, Internal Affair, IV Special Medical, Surgeon Doctor, Security Officer, "Sunny" Maintenance, Doctor, Pental System, Indiana Senator, Legislators, State House, Detective, Charging Officer, Police Officer, and Deputies. However, he cannot proceed against these unnamed defendants. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of

placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

Next, Boutté has sued Indiana Attorney General Todd Rokita and Deputy Prosecutor David McClamrock. However, absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power,* 346 F.3d 740, 742 (7th Cir. 2003). He has also named criminal defense attorneys Robert Love and Dulge Elmke as well as public defenders Stanley Campbell, Mark Keffer, and Mark Olivero as defendants. However, he may not proceed against these attorneys because a criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981).

To the extent Boutté has sued the State of Indiana, the Eleventh Amendment bars his claim for damages against the State. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Furthermore, Boutté cannot sue DOC Commission Indiana, because State agencies, such as the Indiana Department of Correction, are also immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). While there are three exceptions to Eleventh Amendment immunity, *see MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999), none of them apply here.

Boutté has further name Judge Theem as a defendant in this case. However, Judge Theem is immune from suit because "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636

3

F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrine of judicial immunity applies, Boutté may not proceed against Judge Theem.

Boutté has also named a number of entities and organizations as defendants. These include Western Psychology in America, Washington Drug Treatment Center, Rumpf Security, Lutheran Hospital, Wishard Hospital, St. Joseph Hospital, St. Joseph Hospital EMS, Geo, and Geo Corp. However, these entities cannot be held liable for the actions of its employees under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also* ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others civil rights."). Therefore, he may not proceed against them.

As a final matter, Boutté has sued Corizon Medical, Westfield Medical, which may be an attempt to reference Wexford of Indiana, LLC, Aramark Food Services, Officer Cris Well, Work Release Captain Quinn, and Probation Officer Steve Keel. However, he has not set forth allegations from which this court can determine if these defendants violated his federal constitutional or statutory rights.

Boutté is also cautioned that "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Because Boutté

4

signed his complaint on August 27, 2020, any claims arising prior to August 27, 2018, are barred by the applicable statute of limitations.

While Boutté's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In his amended complaint, Boutté should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Lance Scott Boutté;

(2) GRANTS Lance Scott Boutté until **August 20, 2021**, to file an amended complaint that addresses the deficiencies noted herein; and

(3) CAUTIONS Lance Scott Boutté that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on July 22, 2021.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT